HOLLAND & KNIGHT LLP
Ashley L. Shively, SBN 264912
Andrew Klair, SBN 334960
560 Mission Street, Suite 1900
San Francisco, CA 94105
Telephone: 415-743-6900
Facsimile: 415-743-6910
E-mail: ashley.shively@hklaw.com
         andrew.klair@hklaw.com

Attorneys for Defendant
AMC NETWORKS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRISHA ICKES, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>AMC NETWORKS, INC., doing business as AMC+,<br><br>    Defendant. | Case No. 3:23-cv-00803-SI<br><br>**NOTICE OF CORRECTION TO DEFENDANT AMC NETWORK, INC.'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS OR TRANSFER PROCEEDINGS**<br><br>Date: June 23, 2023<br>Time: 10:00 am<br>Place: San Francisco Courthouse<br>450 Golden Gate Avenue, 17th Floor<br>San Francisco, CA 94102<br><br>Hon. Susan Illston<br><br>Complaint Filed: February 22, 2023 |

Defendant AMC Networks, Inc., doing business as AMC+ ("AMC") submits this Notice of Correction regarding its Reply Brief [ECF 20] filed May 26, 2023 in support of Defendant's Motion to Dismiss or Transfer the Proceedings under the First-to-File Rule.

AMC based the statements in Footnote 1, on page 6, and Footnote 3, on page 15 (the "Footnotes") on the results of a search of its systems using the email address for Plaintiff provided by counsel for Plaintiff on April 27, 2023. After AMC filed its Reply, counsel for Plaintiff provided a second e-mail address for Plaintiff. AMC's search of its systems based on the second email address revealed an AMC+ account associated with that e-mail address.

AMC therefore withdraws the Footnotes from its Reply. A copy of the corrected Reply, reflecting these changes, is attached hereto as Exhibit 1.

Dated: June 14, 2023                    Respectfully submitted,

                                        HOLLAND & KNIGHT LLP

                                        By: */s/ Ashley L. Shively*

                                        Ashley L. Shively
                                        Andrew Klair

                                        Attorneys for Defendant
                                        AMC Networks, Inc. dba AMC+

# EXHIBIT 1

HOLLAND & KNIGHT LLP
Ashley L. Shively, SBN 264912
Andrew Klair, SBN 334960
560 Mission Street, Suite 1900
San Francisco, CA 94105
Telephone: 415-743-6900
Facsimile: 415-743-6910
E-mail: ashley.shively@hklaw.com
         andrew.klair@hklaw.com

Attorneys for Defendant
AMC NETWORKS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRISHA ICKES, individually and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br>   v.<br><br>AMC NETWORKS, INC., doing business as AMC+,<br><br>   Defendant. | Case No. 3:23-cv-00803-SI<br><br>**DEFENDANT AMC NETWORKS, INC.'S CORRECTED REPLY IN SUPPORT OF MOTION TO DISMISS OR TRANSFER PROCEEDINGS**<br><br>Date: June 23, 2023<br>Time: 10:00 am<br>Place: San Francisco Courthouse<br>450 Golden Gate Avenue, 17th Floor<br>San Francisco, CA 94102<br><br>Hon. Susan Illston<br><br>Complaint Filed: February 22, 2023 |

**Table of Contents**

I. INTRODUCTION ..................................................................................................................5

II. ARGUMENT ..........................................................................................................................7

    A. The First-to-File Rule Supports Dismissal or Transfer of this Case.........................7

        1. The Dismissal of McCoy and Filing of Vela Functions as an Amended Complaint for the Purposes of Filing Date ............................................................7

        2. The Parties Are and Need Only be Substantively Similar .........................10

        3. The Existence of Parallel, Related State Claims Does Not Preclude Application of the First-to-File Rule......................................................................12

    B. The 28 U.S.C. § 1404(a) Factors Favor Transfer ....................................................13

        1. Plaintiff's Choice of Forum is Entitled to Minimal, if Any, Weight.........14

        2. Convenience of the Parties and Witnesses Justifies Transfer....................15

        3. The Interest of Justice Dictates Transfer ..................................................16

III. CONCLUSION....................................................................................................................17

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

2   CASE NO.: 3:23-cv-00803-SI
DEFENDANT AMC NETWORKS, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS OR TRANSFER PROCEEDINGS

**Table of Authorities**

Page(s)

**Cases**

*Activision Blizzard Inc. v. Acceleration Bay LLC*,
  No. 16-cv-03375-RS, 2016 WL 4548985 (N.D. Cal. 2016) ......................................... 5, 9, 16

*Adobe Systems Incorporated v. Bargain Software Shop, LLC*
  No. C-14-3721 EMC, 2014 WL 6982515, (N.D. Cal. 2011) ............................................ 9, 10

*Adoma v. University of Phoenix, Inc.*,
  711 F. Supp. 2d 1142, 1148 (E.D. Cal. 2010) ...................................................................... 11

*Alul v. American Honda Motor Company, Inc.*,
  No. 16-cv-04384-JST, 2016 WL 7116934, (N.D. Cal. 2016) ................................................ 9

*Alltrade, Inc. v. Uniweld Prods., Inc.*,
  946 F. 2d 622 (9th Cir. 1991) ................................................................................................ 7

*Argonaut Ins. Co. v. Mac Arthur Co.*,
  No. 3:12-cv-3878-WHA, 2002 WL 145400 (N.D. Cal. Jan. 18, 2002) ........................... 16, 17

*C.f. Inherent.com v. Martindale-Hubbell*,
  420 F. Supp. 2d 1093 (N.D. Cal. 2006) .......................................................................... 13, 15

*Cont'l Grain Co. v. Barge FBL-585*,
  364 U.S. 19 (1960) ............................................................................................................... 17

*Daugherty v. Adams*,
  No. 1:16-cv-02480-LMM, 2017 WL 5484699 (N.D. Ga 2017) ............................................ 8

*Decker Coal Co. v. Commonwealth Edison Co.*,
  805 F.2d 834 (9th Cir. 1986) ............................................................................................... 14

*Humphreys v. U.S.*,
  2727 F.2d 411 (9th Cir. 1959) ............................................................................................. 14

*Intersearch Worldwide, Ltd. v. Intersearch Group, Inc.*,
  544 F.Supp.2d 949 (N.D. Cal. 2008) ................................................................................... 13

*Jones v. GNC Franchising*,
  211 F. 3d 495 (9th Cir. 2000) .............................................................................................. 14

*Kohn L. Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*,
  787 F.3d 1237 (9th Cir. 2015) ............................................................................................. 12

*Lou v. Belzberg*,
  834 F. 2d 730 (9th Cir. 1987) .............................................................................................. 14

*Meta Platforms, Inc. v. BrandTotal Ltd.*,
    605 F. Supp. 3d 1218 (N.D. Cal. 2022) ................................................................................13

*Pacesetter Sys., Inc. v. Medtronic, Inc.*,
    678 F.2d 93 (9th Cir. 1982) ............................................................................................13, 16

*Schick v. BrandRep LLC*,
    No. 21-cv-03013-SI, 2021 WL 5113177 (N.D. Cal. 2021) ....................................................14

*Schwartz v. Frito-Lay N. Am.*,
    No. C12-02740, 2012 WL 8147135 (N.D. Cal. Sep. 12, 2012) ..................................13, 15, 16

*State v. Bur. of Land Mgmt.*,
    No. 4:18-cv-00521-HSG, 2018 WL 3439453 (N.D. Cal. 2018) .............................................14

*Steelers Keys LLC v. High Tech National LLC*,
    No. 19-cv-23630, 2019 WL 6609214 (S.D. Fla. 2019) ............................................................8

*Wallerstein v. Dole Fresh Vegetables, Inc.*,
    967 F. Supp. 2d 1289 (N.D. Cal. 2013) .............................................................................8, 11

*Young v. L'Oreal USA, Inc.*,
    526 F. Supp. 3d 700 (N.D. Cal. 2021) ...........................................................................10, 12

*Zou v. Mkt. Am., Inc.*,
    No. 19-CV-01282-LHK, 2019 WL 13218583 (N.D. Cal. 2019) ............................................16

**Statutes**

28 U.S.C. § 1404(a) .................................................................................6, 7, 13, 14, 17

Federal Video Privacy Protection Act ........................................................................6

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

## I. INTRODUCTION

In the unenviable position of having belatedly filed a putative class action covering the exact same class members and based on the exact same factual predicate as another action filed a month earlier in New York, Plaintiff seeks to play a game of procedural "gotcha" in order to avoid the appropriate result under the applicable First-to-File Rule: the dismissal of her claim, or else its transfer to the first-filed court where Defendant will seek to consolidate the two matters and enforce its arbitration clause. Ignoring plainly applicable legal precedent and the demands of judicial economy, Plaintiff invites this Court to require defendant AMC Networks, Inc. dba AMC+ ("AMC" or "AMC+") to litigate two virtually identical nationwide class actions simultaneously in separate courts in separate jurisdictions which entirely contradicts the core principles underlying both the First-to-File Rule and transfer analysis under 28 U.S.C. 1404(a). The Court should decline Plaintiff's invitation to engage in such a waste of judicial and party resources.

Plaintiff's arguments in opposition to the dismissal or transfer of this case (the "California Action") to the Southern District of New York where *McCoy v. AMC Networks, Inc.* was originally filed and where *Vela v. AMC Networks, Inc.* (the "New York Action") is pending are unpersuasive.

Specifically, Plaintiff asserts three meritless theories for why the First-to-File rule is inapplicable here:

- First, Plaintiff takes a contorted view of a handful of out-of-circuit and factually inapplicable in-circuit cases to argue the instant California Action is the first-filed case, because of plaintiffs' counsel voluntarily dismissed and then refiled their complaint the same day, rather than amending it. Opposition (hereinafter "Opp.") at pp. 8-9. This Court need look no further than *Activision Blizzard Inc. v. Acceleration Bay LLC*, No. 16-cv-03375-RS, 2016 WL 4548985, at *5 (N.D. Cal. 2016), which acknowledges that a functional amendment by voluntary dismissal and immediate refiling of a complaint does not alter the chronology of the first-filed case.

- Second, Plaintiff ignores the redundancy she created by filing her Complaint on behalf of a nationwide class which is indistinguishable from that in the New York Action. Instead, Plaintiff shifts focus to the various subclasses—a California subclass in the California Action and Minnesota and New York subclasses in the New York Action—arguing that somehow those parties are not

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

present in each other's cases. Opp. at pp. 9-10. Of course, they are; whatever subclasses may exist, there can be no dispute that the putative nationwide classes are exactly the same, and anyone who could be a class member in one case would also be a class member in the other. Plaintiff's position would have the tail wag the dog. The First-to-File rule does not a require a rigid, inflexible analysis focused on a comparison of separate subclasses, but instead allows the considerations of justice, equity, and judicial efficiency which here necessarily weigh in favor of acknowledging the obvious overlap between two nationwide classes against the same entity for the same purported statutory violations.

- Third, Plaintiff's argument that the claims in the respective class actions are too distinct, Opp. at pp. 10-12, is thoroughly flawed. Plaintiff's most spurious argument, that there are different causes of action, ignores the obvious fact that both the New York Action and the California Action are substantively premised on a purported violation of the federal Video Privacy Protection Act any additional California claims simply provide for ancillary relief.

Separately, Plaintiff attempts to undermine AMC+'s transfer argument under 28 U.S.C. § 1404(a) are also unavailing.

- As a threshold issue, Plaintiff does not contest that she could have brought her claims in the New York court and as such this argument is waived.

- Plaintiff instead endeavors to manufacture inconvenience that she would suffer if this matter were properly litigated in New York. Opp. at pp. 12-14. Of course, this being a class action, such inconvenience is due minimal consideration, and in any event would be mitigated by AMC+'s willingness to depose her in California, either as part of litigation in New York court or as part of arbitration.

- Plaintiff dismisses AMC+'s inconvenience of litigating virtually identical cases in two jurisdictions on two coasts, Opp. at pp. 12-14, but those considerations are significant and do not, as Plaintiff suggests, simply transfer AMC+'s inconvenience to Plaintiff—inconvenience is not a zero-sum scenario.

- Finally, Plaintiff repurposes her meritless argument regarding the similarity of the issues in the New York Action and the California Action in an attempt to persuade this Court that

AMC+'s intention to avoid litigating identical issues in two courts with the accompanying risk of inconsistent outcomes by consolidating this action with the functionally identical New York Action is insufficient to warrant transfer. This is a strawman argument and can be rejected because it is based on the flawed premise that the New York Action and the California Action are not substantially similar. It can also be rejected because applicable authority strongly supports both transfer and consolidation when cases present the substantive similarities reflected in the New York Action and California Action. Doing so would not only further the interest of justice, but judicial economy as well.

In short, the First-to-File rule and 28 U.S.C. § 1404(a) exist precisely for situations such as this. It would be a waste of judicial resources, not to mention a grave risk of inconsistent rulings regarding <u>nationwide</u> classes, to allow these cases to proceed separately. Further, any such transfer or dismissal would not prejudice Plaintiff as a forum for Plaintiff's allegations—the Southern District of New York—already exists. As such, dismissal or, in the alternative, transfer of this case is necessary.

## II. ARGUMENT

### A. The First-to-File Rule Supports Dismissal or Transfer of this Case

As stated in AMC+'s initial Motion, the First-to-File Rule requires this Court consider (1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues. *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F. 2d 622, 625-26 (9th Cir. 1991). Plaintiff's Opposition fails to overcome any of AMC+'s arguments in favor of application of the Rule, as set forth in detail below.

#### 1. The Dismissal of *McCoy* and Filing of *Vela* Functions as an Amended Complaint for the Purposes of Filing Date

Plaintiff argues that because counsel in *McCoy* voluntarily dismissed that case and refiled an almost identical Complaint under a new caption *the very same day*, the California Action suddenly assumes primacy as the first-filed case. Yet when Plaintiff filed this action, there was no question that this was the later-filed case. The plain intent of the *Vela* filing was to function as an amendment to

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

the *McCoy* Complaint—as the district court in New York recognized by reassigning *Vela* to the judge who had overseen *McCoy*.

Plaintiff presents a string of cases purportedly supporting the theory that voluntarily dismissed cases cannot serve as the earlier filed case for purposes of a First-to-File analysis. These cases are irrelevant and inapplicable to the situation at hand. Plaintiff relies primarily on dicta in *Wallerstein v. Dole Fresh Vegetables* wherein the Northern District dealt with a situation unrelated to the instant Motion. 967 F. Supp. 2d 1289 (2013). In *Wallerstein*, the court reviewed a scenario where a case filed earlier in the same district was previously transferred to a different district. *Id.* at 1292. The court correctly determined that that case was the earlier filed case because there was no dispute as to chronology regarding a dismissed case as there is in the instant matter. *Id.* Indeed, *Wallerstein* does not deal with voluntary dismissal of a case at all. The Court need not and should not look to *Wallerstein* nor to any of the other cases Plaintiff cites. These cases are placed in their proper context below:

- *Steelers Keys LLC v. High Tech National LLC* deals with the inverse of the instant case, where the party opposing a First-to-File motion had previously dismissed a case in the same district. No. 19-cv-23630, 2019 WL 6609214 at *3 (S.D. Fla. 2019). Here, the dismissed and refiled case are in the <u>transferee</u> district, not the transferring district and thus the concerns raised in *Steelers Keys* do not apply as the party seeking transfer here is not the party who dismissed the prior case as in *Steelers Keys*.

- *Daugherty v. Adams* holds that dismissed cases with no refiled cases could not be considered pending for the purposes of the First-to-File rule. No. 1:16-cv-02480-LMM, 2017 WL 5484699, at *10-11 (N.D. Ga 2017). The court in *Daugherty* reasoned that the First-to-File rule required a transferee court to answer "the question of jurisdiction." *Id.* at *10. In *Daugherty*, that was a concern because there was no pending case in the original jurisdiction. Here, that is not an issue as *Vela* is substantially the same case in the same district before the same judge and is still pending. Therefore, the Southern District of New York is an appropriate transferee court to answer any questions of jurisdiction.

- In *Alul v. American Honda Motor Company, Inc.*, the court declined to transfer a case to a district where an earlier case had been dismissed and <u>not refiled</u>. No. 16-cv-04384-JST, 2016 WL 7116934, at *5 (N.D. Cal. 2016). The *Alul* Court explicitly denied transfer because there was "no active case in" the transferee court. *Id.* Here, there <u>is</u> an active case in the Southern District of New York and that case is specifically marked related to the earlier filed case and before the same judge as the earlier filed case. The *Alul* Court concluded that a sound reason to transfer a case is if "the judge in charge of the earlier filed case there might be assigned the transferred case and then consolidate the two." *Id.* Here, such transfer and consolidation is both intended and likely. Thus *Alul* actually <u>supports</u> transfer in this instance.

- *Humphreys v. U.S.* affirmed a district court ruling enforcing a two year statute of limitations on a Federal Tort Claims Act case. 2727 F.2d 411 (9th Cir. 1959). Plaintiff appears to cite this case solely for 63 year old dicta regarding the effects of voluntary dismissal on a party wishing to refile the action outside of the statute of limitations. It is inapplicable to the instant dispute.

Instead of looking to Georgia or Florida, or inapplicable cases in this Circuit, the Court should look to a more recent Northern District decision: *Activision Blizzard Inc. v. Acceleration Bay LLC*, No. 16-cv-03375-RS, 2016 WL 4548985, at *5 (N.D. Cal. 2016). In *Activision*, the defendant ("AB") filed a case in Delaware in 2015, a year before the plaintiffs ("Activision") filed a related case in 2016 in the Northern District of California. *Id.* at *1. The cause for Activision's later filed case in California was due to a procedural standing defect in AB's original Delaware case. *Id.* AB dismissed (instead of amending) the initial Delaware suit and refiled it the day after Activision filed in California. *Id.* However, despite the California case technically being a day newer, the court ordered the case transferred to Delaware. *Id.* at *8. The court reasoned that "AB's re-filed complaints <u>functionally amended</u> its original Delaware pleadings" and that it was "appropriate to defer to the Delaware court's superior familiarity with these proceedings." *Id.* (emphasis added). The court found further support in *Adobe Systems Incorporated v. Bargain Software Shop, LLC*, where the Northern District once again determined that, even when the proposed transferee district has the later filed case, "the dictates of sound judicial administration" support finding a subsequent, refiled action as the earlier filed action when the re-filed case is substantially similar to the original, earlier filed case. *Id.* at *5 (citing *Adobe*

9     CASE NO.: 3:23-cv-00803-SI
DEFENDANT AMC NETWORKS, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS OR TRANSFER PROCEEDINGS

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

*Systems Incorporated,* No. C-14-3721 EMC, 2014 WL 6982515, at *2 (N.D. Cal. 2011) (internal citations and quotations omitted).

Here, as with *Activision*, *McCoy* was unquestionably filed prior to the instant California Action. Then, a month after the instant action was filed, *McCoy* was voluntarily dismissed to effectively drop a named plaintiff and refiled within the day as *Vela*. Just like in *Activision*, *Vela* "functionally amend[s]" *McCoy* and thus it should be considered the earlier filed case regarding the First-to-File rule. *Activision*, 2016 WL 4548985, at *8. This is especially true as "[t]he first-to-file rule is neither rigid nor inflexible and should be applied with the consideration of sound judicial administration in mind." *Young v. L'Oreal USA, Inc.*, 526 F. Supp. 3d 700, 704 (N.D. Cal. 2021). As such, Plaintiff's arguments regarding the first filed case are without merit and the "dictates of sound judicial administration" show that *Vela*, by way of amendment of *McCoy*, should be considered the earlier filed case. The Court should order the transfer or dismissal of this case under the First-to-File rule. *Adobe Systems Incorporated*, 2014 WL 6982515 at *2.

### 2. The Parties Are and Need Only be Substantively Similar

Regarding the makeup of the parties in each case, the First-to-File rule "merely demands that the parties be substantially similar and need not be identical." *Young*, 526 F. Supp. at 705 (2021). Here, the overlap is exact with respect to the overarching nationwide class—there are no people in this putative nationwide class who would not be members of the class in the New York Action, if it were certified, which is unlikely given the existence of AMC+'s arbitration clause which it intends to enforce upon transfer, if the California Action is not dismissed outright. As a result, Plaintiff cites inapt case law and myopically focuses on the various subclasses. In doing so, Plaintiff engages in dubious mathematical calculations in support of her argument that the parties in the two actions are dissimilar. *See* Opp. at p. 9,

Plaintiff relies on *Avery v. TEKsystems, Inc.* to support her argument that the parties here are too dissimilar to merit transfer. No. 22-cv-02733-JSC, 2022 WL 3998499 (N.D. Cal. 2022). Plaintiff even goes so far as to say that *Avery* is "on point" with the facts of the instant case. Opp. at p. 9. Plaintiff's reliance is misplaced. *Avery* involved a scenario where the period to join in the first-filed case <u>had already closed</u>. *Avery*, 2022 WL 3998499 at * 2-3. Indeed, the class action had proceeded

10  CASE NO.: 3:23-cv-00803-SI
DEFENDANT AMC NETWORKS, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS OR TRANSFER PROCEEDINGS

so far that the court was able to analyze <u>individual</u> class plaintiffs in each case to determine that only 13% of the total possible plaintiffs could be potential plaintiffs in both cases. *Id.* at *3.

Applying the *Avery* court's usage of a percentage-based approach, Plaintiff here simply adds the <u>number</u> of classes and divides to determine only 50% (a number still substantially greater than *Avery's* 13%) of the possible <u>classes</u> could be represented in the existing *Vela* classes. However, this approach misses the mark for two reasons. First, the *Avery* court was able to determine the precise number of claimants and did not simply treat all classes as equal. Here, the overlapping class, as Plaintiff admits, is a <u>nationwide</u> class. Opp. at pp. 9-10. The Northern District typically uses the traditional approach of comparing classes and not individuals when determining similarity of parties in class action First-to-File motions (in contrast to *Avery* which compared individuals). *Wallerstein v. Dole Fresh Vegetables, Inc.*, 967 F. Supp. 2d 1289, 1295 (N.D. Cal. 2013) (holding that, when comparing classes, "the more widely accepted rule" is "comparing the putative classes even prior to certification."). The bar is not high for showing substantial similarity between classes. Indeed, "[c]ourts have held that proposed classes in class action lawsuits are substantially similar where both classes seek to represent at least some of the same individuals." *Id.* (citing *Adoma v. University of Phoenix, Inc.*, 711 F. Supp. 2d 1142, 1148 (E.D. Cal. 2010)).

Here, the shared nationwide class is exactly the same in both cases, and will necessarily be much larger, by an order of magnitude, than the single, California subclass pleaded in this action's operative Complaint.[1] Although the California class in the instant case is not presently pleaded in the *Vela* case, arguing that the subclasses should trump the nationwide class that is indisputably shared between the cases is exactly backwards. The shared nationwide class seeks to represent the same individuals, and that is more than sufficient to find substantial similarity of the parties pursuant to the First-to-File rule.

Second, Plaintiff ignores the fact that, although the *Vela* action does not include a California class, it is possible for the *Vela* court to adjudicate the California class. Indeed, Plaintiff freely acknowledges that the *Vela* action <u>already</u> includes two state-specific classes, one of which,

---

[1] Curiously, Plaintiff also includes the exclusive *Vela* state-specific classes as a reason not to transfer, but this just underscores the obvious: the court in the New York Action will already have to decide numerous issues of state law from both within and outside the state in which it sits..

11                                  CASE NO.: 3:23-cv-00803-SI
DEFENDANT AMC NETWORKS, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS OR TRANSFER PROCEEDINGS

Minnesota, is, like California, not geographically within the Southern District of New York. Plaintiff does not, and cannot, offer a reason why the Southern District of New York could not adjudicate the California class when it already is adjudicating a Minnesota class. There is no reason the mere existence of a state-specific class should preclude the application of the First-to-File rule. *See, e.g., Young,* 526 F. Supp. 3d at 705 (2021) ("The only notable distinction between the parties . . . is they are residents of different states . . . this fact alone is not enough to outweigh the striking similarities between the parties."). The parties in *Vela* and the instant case are substantially similar and thus transfer or dismissal under the First-to-File rule is appropriate.

### 3. The Existence of Parallel, Related State Claims Does Not Preclude Application of the First-to-File Rule

Plaintiff confusingly argues that the claims in the California Action and the New York Action do not "overlap" because this case includes California law, and *Vela* includes Minnesota and New York law. Opp. at p. 10. But Plaintiff misreads the requirements of showing substantial similarity of the issues. The Court looks to the root of the <u>issues</u>, and not to the law upon which the parties bring their legal claims. *Kohn L. Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1241 (9th Cir. 2015) *(*"[t]o determine whether two suits involve substantially similar issues, we look at whether there is "substantial overlap" between the two suits"). *Kohn* provides a perfect example of how this prong of the First-to-File rule should be analyzed—by the underlying issues giving rise to the suits. In *Kohn*, the court analyzed the source of funds at issue in an interpleader action. *Id.* The court did not compare Mississippi law (the first filed case) with California law, because that was not the <u>issue</u>. The issue was and is the amount of overlap in the <u>facts</u> of each case. *Id.* ("[n]ot only does the present case involve substantially similar issues as the Mississippi interpleader action, the present case involves *the issue* to be determined in the Mississippi interpleader action.") (emphasis in original).

Here, <u>the issue</u> in the case is the use of the Meta Pixel by AMC and whether such use violated the VPPA. It is indisputable that both the California Action and the New York Action concern this issue. Thus, Plaintiff's tortured attempt to use the mere existence of state law claims to negate this prong of the First-to-File rule cannot stand. Plaintiff's belated attempt to invoke minor variances in potential damages between the California law claims and the New York and Minnesota claims is of

no matter. *See, e.g., Pacesetter Sys., Inc. v. Medtronic, Inc.,* 678 F.2d 93, 95 (9th Cir. 1982) (determining that the "central questions in each" case, and not peripheral questions, are the core of the similarity of issues analysis).

Even if she were correct, subsequent, technical, or ancillary differences like slightly different factual inquiries relating to damages are the level of differences that the courts ignore when applying the First-to-File rule. *C.f. Inherent.com v. Martindale-Hubbell,* 420 F. Supp. 2d 1093, 1099 (N.D. Cal. 2006) (granting First-to-File motion despite differences in possible remedies between the first filed and later filed cases); *Intersearch Worldwide, Ltd. v. Intersearch Group, Inc.*, 544 F.Supp.2d 949, 959 (N.D. Cal. 2008) (granting First-to-File motion on the basis of similar facts regardless of minor, potential differences in possible defenses in each case). At its core, the California Action and the New York Action are cases concerned primarily with AMC+'s use of the Meta Pixel and whether such use violated the VPPA. Any other slight, legalistic differences, such as the amounts of possible damages, are irrelevant to the First-to-File rule.

**B.     The 28 U.S.C. § 1404(a) Factors Favor Transfer**

The transfer analysis under 28 U.S.C. § 1404(a) requires this Court to consider (a) whether Plaintiff could have brought her suit in the transferee court, i.e., the Southern District of New York, and (b) the convenience and fairness to the parties and witnesses. *See Schwartz v. Frito-Lay N. Am.*, No. C12-02740, 2012 WL 8147135, at *4 (N.D. Cal. Sep. 12, 2012). Plaintiff notably does not contest AMC+'s assertion that Plaintiff could have filed her suit in the Southern District of New York. Accordingly, this argument is waived. *Cf. Meta Platforms, Inc. v. BrandTotal Ltd.,* 605 F. Supp. 3d 1218, fn. 28 (N.D. Cal. 2022) (holding that failure to assert an argument in response to discovery constituted waiver of that argument).

As stated in AMC+'s Motion, the remaining factors for consideration under a 1404(a) transfer analysis are:

> (1) the plaintiff's choice of forum; (2) the convenience of the parties; (3) the convenience of the witnesses; (4) ease of access to evidence; (5) familiarity of each forum with applicable law; (6) feasibility of consolidation of other claims; (7) any local interest in the controversy; and (8) the relative court congestion and time of trial in each forum.

*State v. Bur. of Land Mgmt.*, No. 4:18-cv-00521-HSG, 2018 WL 3439453, at *2 (N.D. Cal. 2018) (collecting cases); *see also Jones v. GNC Franchising*, 211 F. 3d 495, 498-99 (9th Cir. 2000) (listing similar factors). However, neither the convenience nor the fairness factors dictate retaining the California Action in this District.

### 1. Plaintiff's Choice of Forum is Entitled to Minimal, if Any, Weight

Plaintiff argues that despite the California Action being a putative class action brought on behalf of a nationwide class, her selection of this District should nevertheless be afforded "considerable deference." Opp. at p. 13. Plaintiff's argument is premised on both an inaccurate reading of the law and an overstated view of the facts in this case.

First, the cases Plaintiff cites are inapposite and, taken together, contradictory. Plaintiff quotes (without quotation marks) from *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). The portion quoted by Plaintiff, however, deals with the weight of inconvenience on the entire 28 U.S.C. § 1404(a) balancing test (through the lens of *forum non conveniens*), and not to the degree to which inconvenience itself must be shown. Plaintiff's reliance on *Alfaro v. United States* is similarly misplaced. No. 21-cv-09668-PA-RAO, 2023 WL 2908583, at *8 (C.D. Cal. 2023). *Alfaro* does not concern class action transfers and thus, as Plaintiff acknowledges, is inapplicable to the instant dispute. Opp. at p. 13. The same holds for *Boston v. AECOM*, another case cited by Plaintiff. No. 2:20-cv-02077-AB-PJW, 2020 WL 6083662, at *1 (C.D. Cal. 2020). *Imran v. Vital Pharmaceuticals, Inc.*, also cited by Plaintiff, specifically shows the lower deference given to class-action plaintiffs. No. 18-cv-05758-JST, 2019 WL 1509180, at *3 (N.D. Cal. 2019). So does *Schick v. BrandRep LLC*, No. 21-cv-03013-SI, 2021 WL 5113177, at *3 (N.D. Cal. 2021). Thus, as her own cases demonstrate, Plaintiff's selection of this District deserves no more than minimal deference. *Id.*; *see also, Lou v. Belzberg*, 834 F. 2d 730, 739 (9th Cir. 1987) (holding "when an individual brings a derivative suit or represents a class, the named plaintiff's choice of forum is given less weight").

Second, Plaintiff argues her claims "have substantial contacts with her home forum" because "AMC made its subscription video streaming service available to Ickes in California, and she purchased it in California." Opp. at 13 (citing Comp. at ¶¶ 18, 75-84). As an initial matter, that Plaintiff allegedly purchased a subscription streaming service in California does not show substantial

14  CASE NO.: 3:23-cv-00803-SI
DEFENDANT AMC NETWORKS, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS OR TRANSFER PROCEEDINGS

contacts with the state, and where she purchased the subscription is of functionally no relevance. Moreover, this argument ultimately cuts against her. If Plaintiff is indeed a subscriber to AMC+, as she alleges, she would have consented to the applicable terms of use which mandate arbitration of her dispute. As Plaintiff stated, AMC+ has already filed a motion to compel arbitration regarding those precise terms in the New York Action, which is now fully briefed. The fact that Plaintiff allegedly purchased AMC+'s subscription service in California factors little in terms of her core allegations—that AMC+ improperly disclosed her viewing history in violation of the VPPA. Accordingly, Plaintiff's selected forum weighs in favor of transfer.

### 2.  Convenience of the Parties and Witnesses Justifies Transfer

Plaintiff insists in conclusory fashion that she would be "highly inconvenienced" if she had to litigate her case in New York. Opp. at p. 13. Assuming she has standing to pursue a claim against AMC+ in the first place, litigating the case against AMC+ in New York could only inconvenience her at key junctures, i.e., deposition or trial. AMC+ already agreed to take Plaintiff's deposition in California, thus removing the majority of any inconvenience. Mot. at 18. Even assuming this case were to go all the way to trial which is entirely unlikely given the application of an arbitration clause to Plaintiff's claim, the only inconvenience to Plaintiff would be to testify at trial in New York. Such inconvenience is realistically of minimal likelihood and should not prevent the transfer of this case.

In contrast, subjecting AMC+ to litigating effectively the same case in two different jurisdictions on two different coasts in relative succession would subject AMC+ to obvious inconvenience.[2] Indeed, doing so would require duplicative motion practice and unnecessary discovery. Avoiding circumstances such as these is a guiding principle behind decisions to transfer cases. *See Schwartz v. Frito-Lay North America*, No. C-12-02740 (EDL), 2012 WL 8147135, at *5 (N.D. Cal. 2012); *see also, Inherent.com v. Martindale-Hubbell,* 420 F.Supp.2d 1093, 1097, 1101-02 (N.D. Cal. 2006) (ordering transfer to New Jersey for the convenience of all parties and conservation of judicial resources).

//

---

[2] Plaintiff argues that because this case involves an electronic video streaming service, most of AMC+'s evidence will be electronic and therefore presenting it in this district will not be onerous. Opp. at 14. This is a neutral point as it neither favors nor undermines transfer.

### 3. The Interest of Justice Dictates Transfer

Plaintiff's final argument is based in part on her untenable assertion that the instant California Action is actually the first-filed case and that the issues between this case and the New York Action are distinct. Neither of these is true. As discussed, *supra*, *Activision* makes clear that a voluntary dismissal followed by the filing of a renewed complaint is effectively an amendment and that such procedural idiosyncrasy does not alter the otherwise obvious chronological preeminence of the first-filed action. *Activision Blizzard Inc. v. Acceleration Bay LLC*, No. 16-cv-03375-RS, 2016 WL 4548985, at *8 (N.D. Cal. 2016). As such, this District is in fact the "second district" and the first-filed case is pending in New York. Moreover, in substance, this case is a nationwide, putative class action fundamentally premised upon an alleged violation of the VPPA. While Plaintiff has raised ancillary state law claims related to the conduct giving rise to the VPPA claim, those state law claims are just that: ancillary. *See, e.g., Pacesetter Sys., Inc. v. Medtronic, Inc.,* 678 F.2d 93, 95 (9th Cir. 1982) (upholding determination that the "central questions in each" case, and not peripheral questions, are the core of the similarity of issues analysis).

Plaintiff also protests that it is not necessary to transfer the case at this early stage and that there are other methods than transfer to ensure consistent rulings between the New York Action and the California Action.[3] Plaintiff's reliance on *Imran v. Vital Pharmaceuticals, Inc.* to support this position is misplaced. No. 18-cv-05758-JST, 2019 WL 1509180, at *3 (N.D. Cal. 2019). In that case, *Imran* was the first-filed action that was subject to a transfer motion to the Southern District of Florida. Accordingly, the weight of the factors, including that plaintiff filed the action first in that District, create an entirely different calculation such that the outcome is inapposite. Plaintiff ignores clear authority which finds that transfer of a case to another jurisdiction where a related matter is pending is in fact the <u>best</u> way to ensure consistency. *See Argonaut Ins. Co. v. Mac Arthur Co.*, No.

---

[3] Plaintiff makes passing reference that a California court is better equipped to handle issues of California law. Opp. at 15. However, the issues of California law are minor and ancillary to the core VPPA claim. The New York court, as the transferee court, is well-equipped to address any such supplemental California claims, to the extent necessary. *See, e.g., Zou v. Mkt. Am., Inc*., No. 19-CV-01282-LHK, 2019 WL 13218583, at *4 (N.D. Cal. 2019) (ordering transfer of class action complaint, including California state law claims, to Middle District of North Carolina). *See also Schwartz v. Frito-Lay North America*, 2012 WL 8147135, at *5 (N.D. Cal. 2012) (finding Eastern District of New York "capable of dealing with the applicable law" on California claims).

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

3:12-cv-3878-WHA, 2002 WL 145400, at *4 (N.D. Cal. Jan. 18, 2002) ("The best way to ensure [ ] consistency is to prevent related issues from being litigated in two separate venues.").

Finally, this case presents precisely the possibility of inconsistent rulings that could lead to disparate outcomes. As AMC+ stated in its Motion, its intention, if this case were transferred rather than dismissed, would be to seek to relate or consolidate this case with the New York Action and then seek to compel arbitration either by joining AMC+'s existing filing or by filing a separate motion in front of the same judge to the extent the New York Court had already ruled on the pending motion to compel arbitration. Mot. at p. 15. Doing so would minimize the risk of inconsistent rulings and avoid a waste of judicial resources. Thus, what this Court must decide is whether two cases involving ostensibly the same nationwide class allegedly affected by the same core issues and seeking to vindicate the same rights and remediate the same alleged harms ought to be handled by two separate judges in two separate courts, or whether they should be heard in one court, by one judge. *See Cont'l Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26 (1960) ("[t]o permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent."). As stated herein, the law is clear and dictates transfer in order to strike the appropriate balance between judicial economy, convenience, and fairness.

### III. CONCLUSION

AMC respectfully requests that this Court grant this motion and dismiss this second-filed case or, in the alternative, transfer this case to the Southern District of New York pursuant to the First-to-File rule, or alternatively, 28 U.S.C. § 1404(a).

Dated: June 14, 2023

/s/ Ashley L. Shively
HOLLAND & KNIGHT LLP
Ashley L. Shively
Andrew Klair

Attorneys for Defendant
AMC Networks, Inc.